[844 NYS2d 875]

In the Matter of JEROME E. GOLDMAN (Admitted as JEROME EUGENE GOLDMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Susan Brotman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jerome Eugene Goldman was admitted to the practice of law in the State of New York by the Second Judicial Department on October 19, 1966. At all times relevant herein and until August 2006, respondent maintained an office for the practice of law within the First Judicial Department.

The Disciplinary Committee now petitions this Court to accept respondent's resignation from the practice of law and strike his name from the roll of attorneys pursuant to 22 NYCRR 603.11. The Committee is satisfied respondent's affidavit of resignation, sworn to June 25, 2007, conforms to the requirements set forth in 22 NYCRR 603.11 in that his resignation is voluntary, free from coercion or duress, he acknowledges he is the subject of a disciplinary investigation concerning allegations of professional misconduct, and he is aware of the implications of submitting his resignation.

In his resignation, respondent explains that he is a recovering compulsive gambler.* Respondent states that on February 2, 2005, the Supreme Court of Florida suspended him for failure to maintain the full amount of client or third-party funds that he was obligated to retain in his trust account and for failure to maintain trust account records. In addition, respondent failed to satisfy the mortgage of a client because he had gambled away the funds; he has since satisfied the mortgage. On December 22, 2005, the Florida court accepted respondent's petition for disciplinary resignation and in its order the court indicated that such resignation was tantamount to disbarment.

In addition to his resignation from the Florida bar, the Disciplinary Committee received four complaints against respondent from clients who had given him money to invest but instead he gambled away the funds. Although he has made sporadic attempts to repay these clients, he still owes them a total of more than $700,000. Respondent acknowledges that he could not successfully defend himself on the merits against charges alleging that this conduct constitutes a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR

---

* Respondent states he has not gambled since May 14, 2006. He attends Gamblers Anonymous meetings and consults with a psychotherapist several times a week, and has received assistance from the Lawyers' Assistance Program of the New York City Bar.

1200.3 [conduct involving dishonesty, fraud, deceit or misrepresentation]).   .

Respondent's counsel has submitted her affirmation asking this Court to accept respondent's resignation. As respondent's affidavit of resignation from the practice of law satisfies the criteria of 22 NYCRR 603.11, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to June 25, 2007 (the date of the affidavit of resignation).

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 25, 2007.